# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL FOLEY, )
                                Plaintiff(s), )
vs.                                          )
JENNIFER MORRONE, et al.          )
                                Defendant(s). )

Case No. 2:13-cv-01639-APG-NJK

**ORDER**

Application to Proceed *In Forma Pauperis*

(Docket No. 3)

Plaintiff Michael Foley is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 3-1) on September 27, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

## I.    *In Forma Pauperis* **Application**

Plaintiff Michael Foley has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

## II.    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

### A.    Defendants' Official Capacity Immunity

Plaintiff has filed suit against Defendants Jennifer Marrone, Steven Wolfson, Teresa Lowry, Christopher Lalli, Mary-Anne Miller, Jeffrey Witthun, Ed Ewert, Rita Margolian, Sylvia Beller Teuton, and Steven Grierson in their individual and official capacities. Plaintiff seeks, in addition to injunctive relief, actual and punitive monetary damages. Docket No. 3-1, at 55-7, 72. Plaintiff's claims for monetary damages under the federal civil rights statutes against Defendants in their official capacity, however, are barred by the state sovereign immunity recognized by the Eleventh Amendment. *See e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934–35 (9th Cir. 2002). Accordingly, all monetary claims against the Defendants in their official capacities are dismissed.

### B.    Civil Rights Violation Claims

#### 1.    Fourth Amendment Freedom from Unlawful Search and Seizure

Plaintiff alleges that his Fourth Amendment right to be secure against unlawful searches and seizures has been violated. Docket No. 3-1, at 67. Specifically, Plaintiff alleges that "the Defendants who are employed by Clark County drafted, signed, filed and executed documents designed to deceive and trick Plaintiff, Michael Foley, and to seize his person and property." *Id*. The basis for this claim appears to be

Plaintiff's belief that certain persons employed by Clark County have issued documents in a Clark County Family Court case which Plaintiff believes to be misleading and/or confusing and/or "doctored." *Id*., at 16-18. Plaintiff appears to be particularly troubled by the application of a document entitled "Master's Recommendation" and the validity of an alleged warrant for his arrest. *Id*. As a result of these documents, Plaintiff believes that Defendants have "hindered and frustrated" him from collecting on a $6,000 debt he believes is owed to him by Defendants Michael Cunningham and Gray, Plant and Moody, and, further, "hindered and frustrated" his ability to seek employment. *Id*., 39-40, 44-45, 67. Plaintiff also asserts that these documents have adversely affected his children. *Id*., at 67.

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. In this case, Plaintiff has failed to state a cognizable Fourth Amendment claim. First, it appears that Plaintiff's ability to collect the alleged $6,000 debt is a dispute between Plaintiff and his ex-wife, Defendant Patricia Foley, and Defendants Michael Cunningham and Gray, Plant and Moody. *See* Docket No. 3-1, at 39-40, 44-45. Further, according to Plaintiff, that dispute is being addressed in his Family Court case. *Id*. Thus, the Fourth Amendment is not applicable to the $6,000 allegedly owed to Plaintff. Next, Plaintiff's claim that his ability to seek employment has been hindered appears to be based on his allegation that there might be a warrant for his arrest. He fails to definitively state, however, whether there is such a warrant and, if there is, why that warrant is improper. Finally, hindering a person's ability to seek employment is not a search or seizure within the meaning of the Fourth Amendment. Accordingly, Plaintiff's Fourth Amendment claim is dismissed.

2.   Fifth Amendment Due Process and Equal Protection

The Fifth Amendment's Due Process Clause and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments") (*citing Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). In this case, Plaintiff has failed to allege that any of the defendants are federal actors. Therefore, the Court finds that Plaintiff's Fifth Amendment claim fails as a matter of law.

3.   Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV. It requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439, (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998); *see Lee*, 250 F.3d at 686.

Here, Plaintiff has not alleged that he has been discriminated against due to his membership in a protected class. Rather, Plaintiff asserts that he was ordered to attend a child support hearing, that he was not appointed counsel for that hearing, and that he was "led to believe" that he was going to be incarcerated for 25 days. None of these claims, however, falls under the Fourteenth Amendment. Further, there is no constitutional protection, under the Fourteenth Amendment or otherwise, from receiving notices to attend child support hearings, nor is there a constitutional right to counsel for child support hearings. Plaintiff's belief that he was going to be incarcerated also provides no basis for a Fourteenth Amendment Equal Protection claim. Therefore, Plaintiff's Fourteenth Amendment equal protection claim is dismissed.

**C.   Conspiracy**

Civil conspiracy is defined as combination of two or more persons, who, by some concerted action, intend to accomplish some unlawful objective for purpose of harming another which result in damage. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n. 3 (9th Cir. 1984). In the instant Complaint, as an initial matter, Plaintiff fails to make a short and plain statement indicating who he believes conspired with whom and, further, he has not asserted any specific fact demonstrating either concerted action among Defendants or unlawful objective. Rather, Plaintiff asserts that Defendants Soroptimist International of Greater Las Vegas and Soroptimist of the Americas have influenced and corrupted the Defendants who are employed by Clark County. Morever, several courts have upheld that in civil actions, an entity or corporation cannot conspire with its agents or employees when they act in their official capacity. *See Janken v. GM Hughes Electronics*, 46 Cal.App. 4th 55, 78 (1996) (when corporate employee acts in his or her authorized capacity on behalf of his or her corporate employer, there can be no claim of conspiracy between

corporate employer and corporate employee); *see also Thompson v. City of Galveston*, 979 F.Supp. 504, 511 (S.D.Tex. 1997) (single legal entity, such as police department and its officers, is incapable of conspiring with itself for purposes of civil rights conspiracy claim under 42 U.S.C. § 1983). Therefore, to the extent Plaintiff asserts that the employees of the Family Court conspired with the Family Court and that the members of the Soroptimist Society conspired with the Soroptimist Society, his conspiracy claim fails. Accordingly, Plaintiff's conspiracy claims are dismissed.

### D.    Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, the Plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372 (1999) (*quoting Star v. Rabello*, 97 Nev. 124 (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro*, 614 F.Supp.2d 1103, 1121 (D. Nev. 2009) (*citing Norman v. Gen. Motors Corp.*, 628 F.Supp. 702, 704–05 (D.Nev. 1986)).

Here, it is unclear what conduct Plaintiff believes was extreme and outrageous. The allegations within Plaintiff's Complaint include: (1) Plaintiff was found in contempt for failing to make child support payments even though he could not afford to make the alleged payments; (2) none of the Defendants employed as District Attorneys offered to provide Plaintiff with legal counsel; (3) Plaintiff was served with notice of a child support hearing, but decided it would be better to go to work to earn money than to attend the hearing; (4) as a result of missing the hearing, Plaintiff believed there was a warrant for his arrest; (5) Plaintiff was misled by documents issued in his Family Court case; (6) Clark County District Court has wronged and/or tricked at least one other family; and (7) the Soroptimist Society has corrupted and influenced judicial officials. None of these allegations, taken as true, can be regarded as extreme and outrageous so as to permit recovery. Accordingly, Plaintiff's  intentional infliction of emotional distress

claims are also dismissed.

**E.    Fraud**

Plaintiff fails to meet the pleading standard under Fed.R.Civ.P. 9(b) as to all fraud allegations against all defendants. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Thus, allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiff's complaint is full of accusations of "fraud" and "false representation," but fails to provide any specific facts to support these allegations. Rather, Plaintiff cites to portions of certain documents issued in his Family Court case and argues that the documents were confusing or misleading. Accordingly, even under the liberal pleading standard, the Court is not required to draw unreasonable or unwarranted factual inference in interpreting Plaintiffs' pleadings. *McKinney v. De Board*, 507 F.2d 501, 504 (9th Cir. 1974). Thus, all claims based on allegations of fraud are dismissed.

**F.    Negligence**

In Nevada, a negligence cause of action generally requires that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Scialabba v. Brandise Const. Co., Inc.*, 112 Nev. 965 (1996). Here, Plaintiff has failed to state a cognizable duty of care.  Plaintiff has not stated which Defendants owned him what duty, nor how each or any Defendant has breached that duty. Additionally, as with the rest of Plaintiff's Complaint, his negligence claim lacks a sufficient short and plain statement indicating he is entitled to relief. Accordingly, Plaintiff's negligence claim is dismissed.

**III.    Conclusion**

Thus, for good cause shown,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at

government expense.

 **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

 **IT IS FURTHER ORDERED** that all claims are **dismissed** without prejudice**.** Plaintiff will have until **April 21, 2014**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the Complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.


 Dated: March 19, 2014.




 _____
 NANCY J. KOPPE
 UNITED STATES MAGISTRATE JUDGE