1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7
8

MICHAEL FOLEY,                                    )
                                                  )        Case No. 2:13-cv-01639-APG-NJK
                           Plaintiff(s),          )
                                                  )        **REPORT AND RECOMMENDATION**
vs.                                               )
                                                  )
JENNIFER MORRONE, et al.                          )
                                                  )
                           Defendant(s).          )
_____ )

9
10
11
12
13

14    This proceeding was referred to the undersigned by Local Rule IB 1-3 and 1-4. Plaintiff Michael

15    Foley is proceeding in this action *pro se*, and requested authority pursuant to 28 U.S.C. § 1915 to proceed

16    *in forma pauperis,* and submitted a Complaint. Docket No. 3-1. The Court thereafter granted his

17    application to proceed *in forma pauperis* and screened his complaint. *See* Docket No. 10. Having found

18    that the complaint failed to state a claim, the Court dismissed all claims without prejudice and directed

19    Plaintiff to file an amended complaint if he believed the deficiencies identified by the Court could be cured.

20    *See id.* at 7. Plaintiff filed an amended complaint. Docket No. 12. For the reasons discussed more fully

21    below, the Court finds that the amended complaint continues to suffer from the deficiencies previously

22    identified.    Accordingly, the undersigned **RECOMMENDS** that Plaintiff's federal law claims be

23    **DISMISSED** with prejudice and that his state law claims also be **DISMISSED**.

24    **I.      SCREENING THE COMPLAINT**

25    Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant

26    to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

27    malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

28    defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). This screening obligation applies not

only to the initial complaint, but also to subsequent attempts to file amended complaints to cure deficiencies identified in the original complaint. *See, e.g.*, 28 U.S.C. § 1915(e) ("the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim" (emphasis added)).[1] When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2] Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

---

[1] Although § 1915 at times refers to prisoners, the Ninth Circuit has made clear that the screening provisions are not limited to cases initiated by prisoners. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

[2] Plaintiff's Amended Complaint–totaling 89 pages of typed and handwritten text–violates Rule 8's requirement for a short and plain statement, *see, e.g., Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, *3 (D. Nev. July 28, 2014), but the Court has nonetheless proceeded to screen the Amended Complaint by evaluating the factual allegations made.

**A.      Civil Rights Violation Claims**

Plaintiff purports to bring several claims pursuant to 42 U.S.C. § 1983.  *See, e.g.*, Am. Compl. Exh. 1.[3]  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-394 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Thus, the Court's analysis of Plaintiff's claims brought under § 1983 begins by identifying whether he has sufficiently alleged the infringement of any of his rights.  Plaintiff claims infringement of his rights protected by the Fourth, Fifth and Fourteenth Amendments.

1.      Fourth Amendment Freedom from Unlawful Search and Seizure

Plaintiff alleges that his Fourth Amendment right to be secure against unlawful searches and seizures has been violated.  *See* Am. Compl. Exh. 1, Count I.  The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. Amend. IV.  The undersigned previously held that:

> In this case, Plaintiff has failed to state a cognizable Fourth Amendment claim.  First, it appears that Plaintiff's ability to collect the alleged $6,000 debt is a dispute between Plaintiff and his ex-wife, Defendant Patricia Foley, and Defendants Michael Cunningham and Gray, Plant and Moody.  *See* Docket No. 3-1, at 39-40, 44-45.  Further, according to Plaintiff, that dispute is being addressed in his Family Court case. *Id*.  Thus, the Fourth Amendment is not applicable to the $6,000 allegedly owed to Plaintiff.  Next, Plaintiff's claim that his ability to seek employment has been hindered appears to be based on his allegation that there might be a warrant for his arrest.  He fails to definitively state, however, whether there is such a warrant and, if there is, why that warrant is improper.  Finally, hindering a person's ability to seek employment is not a search or seizure within the meaning of the Fourth Amendment.

Docket No. 10 at 3.

Plaintiff's allegations supporting his Fourth Amendment claim in the Amended Complaint do not differ in any meaningful way from his previous allegations.  Indeed, although Plaintiff provided a new date on the signature page, the portion of the Amended Complaint devoted specifically to this claim appears to have been photocopied from the initial Complaint.  *Compare* Am. Compl. at p. 84 *with* Compl. (Docket

---

[3] Exhibit 1 to the Amended Complaint is a hand-written document in which the § 1983 claims are drafted onto the Court's § 1983 complaint form.  *See* Docket No. 12 at 76-89.

No. 3-1) at p. 67.  For the reasons the Court found that his initial complaint failed to state a claim based on the Fourth Amendment, his Amended Complaint similarly fails.  In short, there has been no unlawful search alleged and no unlawful seizure alleged.  Accordingly, the undersigned recommends that this claim be dismissed with prejudice.

### 2.  Fifth Amendment Due Process and Equal Protection

Plaintiff next alleges a violation of the Fifth Amendment.  *See* Am. Compl., Exh. 1, Count II.  As this Court held previously, "[t]he Fifth Amendment's Due Process Clause and the equal protection component thereof apply only to actions of the federal government–not to those of state or local governments."  Docket No. 10 at 3 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001), *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)).  Plaintiff re-alleges a Fifth Amendment claim, but fails to plead any actions by the federal government.  Accordingly, the undersigned recommends that this claim be dismissed with prejudice.

### 3.  Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const., Amend. XIV.  It requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998).   The undersigned previously held that:

> Here, Plaintiff has not alleged that he has been discriminated against due to his membership in a protected class. Rather, Plaintiff asserts that he was ordered to attend a child support hearing, that he was not appointed counsel for that hearing, and that he was "led to believe" that he was going to be incarcerated for 25 days. None of these claims, however, falls under the Fourteenth Amendment. Further, there is no constitutional protection, under the Fourteenth Amendment or otherwise, from receiving notices to attend child support hearings, nor is there a constitutional right to counsel for child support hearings. Plaintiff's belief that he was going to be incarcerated also provides no basis for a Fourteenth Amendment Equal Protection claim.

Docket No. 10 at 4.

Plaintiff's allegations supporting his Fourteenth Amendment claim in the Amended Complaint do not differ in any meaningful way from his previous allegations.  Indeed, although Plaintiff provided a new

4

date on the signature page, the portion of the Amended Complaint devoted specifically to this claim appears to have been photocopied from the initial Complaint. *Compare* Am. Compl. at p. 86 *with* Compl. at p. 69. For the reasons the Court found that his initial complaint failed to state a claim based on the Fourteenth Amendment, his Amended Complaint similarly fails. In short, he has failed to provide sufficient allegations that any of the alleged mistreatment he identified resulted from intentional discrimination due to his membership in a protected class[4] and has otherwise failed to identify a cognizable basis for a Fourteenth Amendment claim. Accordingly, the undersigned recommends that this claim be dismissed with prejudice.

### B. Conspiracy

Plaintiff next brings a claim for conspiracy to violate his right to liberty, property and due process. *See, e.g.*, Am. Compl. ¶ 176. Although not entirely clear, it appears that Plaintiff attempts to bring this claim under 42 U.S.C. § 1985(3), which provides an action for persons injured by a conspiracy to deprive them equal protection of the laws, or of equal privileges and immunities under the laws. *See, e.g.*, *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). Such a claim requires, *inter alia*, that the plaintiff sufficiently plead that such a deprivation occurred: "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) (citing *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)). For the reasons discussed above, Plaintiff has not pleaded such a claim. Accordingly, the undersigned recommends that this claim be dismissed with prejudice.

### C. State Law Claims

In addition to the above, Plaintiff attempts to bring claims for negligence, intentional infliction of emotional distress, and fraud. *See, e.g.*, Am. Compl. ¶¶ 182-194. Although Plaintiff does not clearly identify the basis for these claims, they are tort causes of action arising from state law. *See, e.g.*, *Hunter v . United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984) (claims such as fraud and intentional infliction of

---

[4] Plaintiff alleges that there is generally a conspiracy in the Family Court system to treat women more favorably than men. *See, e.g.*, Am. Compl. ¶ 143 (asserting that the Soroptimist Society has corrupted the judicial process such that the Family Court does what is "best for women" rather than apply the law). There is no allegation, however, that any of the conduct he identifies as supporting his equal protection claim actually resulted from intentional sex discrimination.

emotional distress arise from state law).[5]   Given that the undersigned recommends dismissing with

prejudice the federal law causes of action, the undersigned also recommends declining to exercise

supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs.,*

*Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep,

state law claims under conditions set forth in § 1367(c)).  Accordingly, the undersigned recommends that

these claims should also be dismissed.

**II.     CONCLUSION**

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that Plaintiff's

federal law claims be **DISMISSED** with prejudice and that his state law claims also be **DISMISSED**.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in**

**writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme

Court has held that the courts of appeal may determine that an appeal has been waived due to the failure

to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief

the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

*Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: August 7, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[5] Plaintiff may be attempting to invoke federal law as to his fraud claim by asserting that it relates to wire and mail fraud. *See, e.g.*, Am. Compl. ¶ 190.  Federal law provides no private right of action for such claims.  *See, e.g.*, *Cobb v. Brede*, 2012 WL 33242, *2 (N.D. Cal. Jan. 6, 2012) (citing *Wilcox v. First Interestate Bank*, 815 F.2d 522, 533 (9th Cir. 1987) and *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974)), *aff'd* 517 Fed. Appx. 556 (9th Cir. 2013).