**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY, *et al.*, | Case No. 2:13-cv-01639-APG-NJK |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR RECONSIDERATION** |
| JENNIFER MORRONE, *et al.*, | |
| Defendants. | (Dkt. #24) |

On August 7, 2014, Magistrate Judge Koppe entered a report and recommendation in which she recommended I dismiss plaintiff Michael Foley's federal claims with prejudice and decline to exercise supplemental jurisdiction over his state law claims. (Dkt. #21.) No objections were filed. On August 27, 2014, I entered an order accepting Judge Koppe's recommendations. (Dkt. #22.) I noted there were no objections and I therefore could accept the recommendation without review. (*Id.* at 1.) I nevertheless reviewed the issues set forth in the report and recommendation and accepted it because it "set[] forth the proper legal analysis, and the factual basis, for the decision." (*Id.* at 1-2.) Judgment was entered in accordance with my order. (Dkt. #23.)

Foley moves for reconsideration of my order and for relief from the judgment. Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend a judgment if the motion is filed within 28 days after entry of judgment. A motion to alter or amend may be granted: (1) if the judgment is based on a manifest error of law or fact, (2) there is newly discovered evidence, (3) there is an intervening change in controlling law, or (4) to prevent manifest injustice. *Turner v. Burlington No. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Whether to grant a Rule 59(e) motion lies within the court's discretion. *Id.* Federal Rule of Civil Procedure 60(b)(1) provides that the court may

relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect."

### A. Surprise

Foley first asserts he was surprised by the order dismissing his case.  He asserts he could not timely object to the Magistrate Judge's recommendations because he was arrested on August 6, 2014 and detained until August 12, 2014.  Foley contends that while he was detained, he could not access his phone on which he receives notices of activity in this case.  Foley asserts that by the time he could access his phone, he was unable to view the notice regarding the Magistrate Judge's recommendations because of his phone's limited memory combined with the unusual number of messages he received while detained.  However, I did not accept the Magistrate Judge's recommendations based solely on the fact that Foley failed to object.  Foley's arguments regarding why he did not timely respond therefore do not support granting relief from the prior order.

### B. Recusal of Judge Koppe

Foley next contends I should not accept Magistrate Judge Koppe's recommendations because Judge Koppe currently belongs or formerly belonged to an organization that seeks to help female Democrats attain public office.  Foley argues that because his lawsuit is critical of another organization that seeks to promote women's interests, Judge Koppe was not impartial.  Judge Koppe's impartiality could not reasonably be questioned under these circumstances. *See* 28 U.S.C. § 455.  Moreover, even if Judge Koppe's impartiality could be questioned, I conducted an independent review and dismissed Foley's claims.  This argument does not support granting relief from the prior order.

### C. Objections on the Merits

Finally, Foley asserts he should be permitted to object to Judge Koppe's order recommending dismissal.  I have reviewed the substance of Foley's objections.  Foley presents no newly discovered evidence and there has been no intervening change in controlling law.  His

objections do not support relief from the judgment based on a manifest error of law or fact or to prevent manifest injustice.

IT IS THEREFORE ORDERED that plaintiff Michael Foley's Motion for Reconsideration (Dkt. #24) is denied.

DATED this 29th day of April, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE